TOMEI, PLAINTIFF AND APPELLANT, *v.* ARKADIA SUGAR COMPANY, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Humacao in an Action for Damages.

No. 1465.—Decided July 20, 1916.

EMPLOYERS' LIABILITY—DAMAGES—NEGLIGENCE—COMPLAINT.—In an action for damages based on the Employers' Liability Act the negligence of the employer must be specifically alleged when such negligence cannot be deduced from the complaint. Before the negligence of the employer can be inferred it must be shown that by reason of the relation between the employer and the employee some duty arose with which the employer failed to comply—that is, a duty more or less common to the business or industry and which an ordinarily prudent employer, or his responsible agents, should perform.

ID.—DEFECTIVE MACHINERY.—The only defect alleged in the complaint in this action as the cause of the accident is the lack of protection of the plaintiff against certain exposed machinery without ladders, platforms, railings, crossbars, or protectors against danger in passing the place. There was no averment that the machinery was defective or that there was a duty to remedy the supposed defect. Moreover, the complaint conveyed no clear idea of the place where the accident occurred. *Held:* That the complaint did not state facts sufficient to constitute a cause of action and that it was vague and unintelligible.

The facts are stated in the opinion.

*Messrs. Francisco González* and *C. Domínguez Rubio* for the appellant.

The appellee did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

The complaint in this case is so vague and unintelligible that we have not been able to get a clear idea of the physical situation in which the accident happened. The complaint follows:

"1. The plaintiff is of age, a resident of the municipality of Arroyo and a sugar chemist by profession. The defendant is a corporation doing business in the island of Vieques, represented by its president, Ramón Aboy, who is of age, a property owner and a resident of the Judicial District of Humacao.

"2. On March 20, 1915, the plaintiff was an employee of the defendant and was working in the factory under a contract by which he was to receive a yearly salary of $1,500 during the crop, a bonus

of $1,000 if the yield of sugar should be 11½ per cent of sugar of 96 degrees of polarization and a bonus of $2,000 if it exceeded 11¾ per cent.

"3. It was one of the duties of the plaintiff to watch the sugar in the crystalizers of the said factory and order the influx of syrup at certain times. There are nine crystalizers moved by a motor which drives a shaft common to all of them. Each one has a cogwheel which engages a screw-gear on the exterior of the crystalizers and serves as their axles for turning their moving arms. When the shaft is driven all this machinery is moved and keeps in motion the sugar within the crystalizers.

"4. While in the discharge of his duties of attending to these crystalizers at 9 p. m. of the said day, when the lights of the said factory were deficient, the said plaintiff undertook to inspect crystalizer No. 4, which was charged with two strikes of sugar, and mounted to it at the only place of ascent, at which spot there was no ladder (*por el único sitio de subida por donde no hay escalera*). He was obliged to rest his foot on the screw-gear before mentioned and in this place there is no protection against a fall, a slip or a similar accident. The said plaintiff looked into the said crystalizer in order to see when it needed the syrup and his clothing was caught by the shaft and rolled up until it reached his forearm. In this position it began to squeeze the body of the plaintiff like a tourniquet, increasing in severity upon the thorax, and he called for help as he could not protect himself with his hands for there was nothing there by which to stop the motor and no one was attending to it. The said plaintiff remained in this position under the greatest possible suffering and only came to himself four or five hours after the accident when in his bed and attended by a physician.

"5. The plaintiff alleges that he ascended to inspect the crystalizer with all heed, care and precaution, taking into account that there was no ladder at that place, nor steps for the feet of those who do such work, nor any place of safety. The motor cannot be stopped unless some person goes to it and stops it, and there is no lever which can stop it in any place near where the plaintiff was. The only reason for the plaintiff's being caught as he was is the lack of protection of this machinery, which is uncovered and without platforms, railings, crossbars or protectors against danger at that place. This defect has always been apparent to the plaintiff's employers who knew of it and of such imminent danger and was never remedied by them or by any person at their orders."

After sustaining a demurrer judgment was rendered for the defendant.

We think that the appellant is right in maintaining that it is generally held that for suits brought under an employers' liability act, like our own, there is ordinarily no assumption of risk by the servant. The statute by reserving to the master the right to set up the defense of contributory negligence would seem in general to exclude the defense of assumption of risk. The appellant concedes that there may be cases where the servant even under the act may be held to assume such risk, but we do not care to discuss the question in a case where there was no oral argument and where the appellee has neglected to file a brief.

In justice, however, to the court below we think the judgment must be affirmed because the appellant failed to bring himself within the provisions of the Employers' Liability Act. That act, among other things, provides:

"Section 1.—That where, after the passage of this act, personal injury is caused to an employee who is himself in the exercise of due care and diligence at the time:

"1. By reason of any defect in the condition of the ways, works, or machinery, connected with, or used in the business of the employer, which arose from or had not been discovered or remedied owing to the negligence of the employer or of any person in the service of the employer and entrusted by him with the duty of seeing that the ways, works, or machinery, were in proper condition."

In *Rosa* v. *New York and Porto Rico S. S. Co.,* 20 P. R. R. 439, cited by the appellant, the court analyzed the essentials of the statute. Among them was the necessity of alleging the negligence of the employer. In this complaint negligence is not specifically alleged, nor does it necessarily follow from anything that is said therein. Before the negligence of the employer can be inferred it must be shown that by reason of the relation of employer and servant some duty arose which the master failed to perform. That duty is one that is more or less common to the trade or industry and which

an ordinarily prudent employer or his responsible agents would have performed. The sole defect here alleged is the failure to afford the complainant protection from uncovered machinery at a place where there was no ladder.

There is no averment that the machinery itself was defective. It is not enough to say that "The only reason for the plaintiff's being caught as he was is the lack of protection of this machinery, which is uncovered and without platforms, railings, cross-bars or protectors against danger at that place," but it must appear that there was a duty to remedy the alleged defect.

We shall not give any extended consideration to a case which has been so superficially presented to the court. The judgment must be affirmed with permission, however, to the complainant to ask leave of the court to file a new complaint and accompany such motion with such new complaint, notifying the defendant. Under these conditions the court below may pass upon the sufficiency of the complaint after due argument and then consider whether it will permit the filing of a new complaint.

*Affirmed with leave to amend.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.